IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

LEIDY MARIANA CARIDAD REYES ,           §
                                        §
            *Petitioner*,               §
                                        §
V.                                      §          CIVIL CASE NO. SA-26-CV-01496-FB
                                        §
ROSE THOMPSON, in her official capacity as §
Warden of the Karnes County Immigration §
Processing Center; *et al.*,            §
                                        §
            *Respondents.*              §

## ORDER REINSTATING CASE, ENTERING AMENDED ORDER GRANTING WRIT OF HABEAS CORPUS, AND CLOSING CASE

Before the Court is the Court's March 26, 2026, Order Granting in Part Writ of Habeas Corpus ("Order") (ECF No. 8), along with Petitioner Leidy Mariana Caridad Reyes' ("Petitioner") Motion to Enforce (ECF No. 11) the Court's Order.  After careful consideration, the Court is of the opinion that this case should be reinstated, an amended order granting habeas relief releasing Petitioner from custody should be entered, the Motion to Enforce should be dismissed as moot, and this case should be closed.

BACKGROUND

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus ("Petition") on March 6, 2026, seeking an order compelling Petitioner's release or requiring that Petitioner be given a bond hearing.  Respondents filed a response.  On March 26, 2026, the Court granted the Petition on due process grounds and required Respondents to provide Petitioner with a bond hearing or otherwise release Petitioner under reasonable conditions of supervision.

Petitioner received a bond hearing on March 30, 2026, after which the immigration judge denied Petitioner's release on bond.  Petitioner now contends the hearing was constitutionally inadequate and, as such, seeks to enforce the Court's Order by requiring Respondents to release Petitioner under reasonable conditions of supervision.

DISCUSSION

As alleged, Petitioner's case is materially indistinguishable from several others in which courts in this District have found a procedural due process violation, and therefore the Court found, and continues to find, that Respondents have violated Petitioner's right to due process under the Fifth Amendment. *See e.g.*, *Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP (ECF No. 7) (W.D. Tex. Apr. 2, 2026); *Vargas-Negrete v. Noem*, Case No. SA-26-CA-00571-XR (ECF No. 9) (W.D. Tex. Mar. 19, 2026); *Mendoza v. Noem*, Case No. 5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Fernandez v. Vergara*, Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).

As to Petitioner's requested relief, "[h]abeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). In cases where the Court finds a constitutional violation, "[t]he typical remedy for such detention is, of course, release." *Id.* "In recent months, courts across the country have ordered the release of detainees in similar situations." *Moctezuma v. Henkey*, No. 1:25-CV-741-BLW, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (ordering immediate release and collecting cases across jurisdictions); *Cruz-Reyes,* 818 F.Supp.3d at 885 ("[D]ue process concerns weigh heavily in favor of granting immediate release."); *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *13–14 (W.D. Tex. Oct. 2, 2025) (collecting cases and finding that "immediate release appropriately remedies Respondents' violation of [Petitioner's] due process rights through her continued detention.").

CONCLUSION

The Court now joins other Texas Western district courts finding that the significant violation of Petitioner's due process rights and other prudential concerns weigh in favor of ordering Petitioner's

immediate release, as opposed to a bond hearing. *See Flores v. Blanche*, No. 1:26-CV-1399-RP, 2026 WL 1603561, at *5 (W.D. Tex. June 4, 2026); *Alvarez v. Ortega*, No. SA-26-CA-03339-XR, 2026 WL 1611973, at *14 (W.D. Tex. June 3, 2026); *Ribero-Ardila v. Rodriguez*, No. 5:26-CV-0689-JKP, 2026 WL 990025, at *7 (W.D. Tex. Apr. 13, 2026); *see also Cruz-Reyes v. Bondi*, 818 F.Supp.3d 875, 885 (S.D. Tex. 2026).

IT IS THEREFORE ORDERED that this case is REINSTATED.

IT IS FURTHER ORDERED that the Order Granting Writ of Habeas Corpus (ECF No. 8) is AMENDED to reflect that:

1.      Respondents are **DIRECTED** to **RELEASE** Petitioner Leidy Mariana Caridad Reyes from custody, under appropriate conditions of release, to a public place no later than **June 29, 2026**.

2.      Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.      Respondents shall **FILE** a status report no later than **June 30, 2026**, confirming that Petitioner has been released.

IT IS FURTHER ORDERED that in all other respects the Petition remains **DENIED**.

IT IS FINALLY ORDERED that motions pending with the Court, including Petitioner's Motion to Enforce (ECF No. 11), are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 24th day of June, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE